```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JOHN HAROLD FOSHEE,**

                **Plaintiff,**

      v.                               CASE NO. 12-3230-SAC

**JAMES HEIMGARTNER, et al.,**

                **Defendants.**

## O R D E R

This matter comes before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983, submitted pro se by a prisoner incarcerated in a Kansas correctional facility. Also before the court is plaintiff' motion for leave to proceed without prepayment of the $350.00 district court filing fee.

*Motion for In Forma Pauperis, 28 U.S.C. § 1915*

The Prison Litigation Reform Act of 1995 requires a prisoner seeking to bring a civil action without prepayment of the district court filing fee to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements.

Section 1915(a)(2) requires an inmate to also submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action, from an appropriate

official from each prison in which the inmate is or was incarcerated. In the instant matter, plaintiff provided certified financial records dated April 20, 2012, which clearly do not cover the six month period prior to his filing of the instant complaint on October 31, 2012. The court grants plaintiff additional time to submit the certified financial records for the six month period required by § 1915(b)(2). The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further prior notice.

*Screening of the Complaint, 28 U.S.C. § 1915A*

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

Plaintiff names the following defendants in his complaint: the El Dorado Correctional Facility (EDCF), EDCF Warden Heimgartner, Correct Care Solutions (CCS) Medical Board, the "State Board of Kansas," Century Prison Base, Pioneer Balloon Company, Aramark, and "PMC."

The court first summarily dismisses EDCF as a party in this action, because the correctional facility itself is not a legal entity subject to suit. *See e.g., Aston v. Cunningham*, 216 F.3d 1086, *4, n. 3 (10th Cir.2000) ("a detention facility is not a person or legally created entity capable of being sued") (unpublished).

As to the remaining defendants, plaintiff appears to broadly complain that he is wrongfully being denied a prosthetic leg, and is thereby not able to participate in programming and work assignments needed for favorable parole consideration. Plaintiff, however, provides no dates or facts in support of this sweeping allegation, and fails to allege how each named defendant personally participated in any alleged violation of plaintiff's constitutional rights.[1] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996)("personal participation is an essential allegation in a § 1983 claim").

Accordingly, absent amendment of the complaint on a court approved form complaint, plaintiff's bare conclusory claim of

---

[1] Plaintiff is advised that relief under § 1983 against a private corporate entity requires allegations sufficient to plausibly establish a constitutional deprivation pursuant to a corporate policy or custom of the corporation. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

constitutional deprivation is subject to being summarily dismissed as stating no claim for relief. *Hall*, 935 F3d. at 1110. The failure to file a timely amended complaint may result in the dismissal of the complaint as stating no claim for relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

*Exhaustion of Administrative Remedies, 42 U.S.C. § 1997e(a)*

Plaintiff is reminded that full exhaustion of administrative remedies is required prior to seeking relief in federal court. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Here, the complaint plainly reveals that plaintiff marked "No" to the question of whether he had previously sought informal or formal relief from appropriate administrative officials regarding the acts complained of. Plaintiff provides, however, copies of numerous receipt slips of inmate form requests to staff which include no information regarding the request made, any staff response, or any indication that plaintiff pursued an administrative appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (a prisoner must "use[] all steps that the agency holds out" in "compliance with an agency's deadlines and other critical procedural rules")(internal quotations omitted).

Plaintiff is invited to clarify this ambiguity if he files an amended complaint. While a prisoner is not required to plead or demonstrate that he has exhausted administrative remedies, *Jones v. Bock*, 549 U.S. 199, 216 (2007), plaintiff is advised that dismissal

of the complaint without prejudice is appropriate if it is clear on the face of the complaint that plaintiff has not fully exhausted administrative remedies as required by § 1997e(a).  *See Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir.2007)(district courts may raise exhaustion question sua sponte consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement his in forma pauperis motion with a certified copy of his institutional financial records for the six months preceding October 31, 2012, from all facilities in which he was housed during that period.

IT IS FURTHER ORDERED that the El Dorado Correctional Facility is dismissed as a defendant in this action, and that plaintiff is granted twenty (20) days to avoid summary dismissal of the complaint by filing an amended complaint that cures deficiencies identified by the court.

The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 14th day of November 2012 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge